People v Brown (2025 NY Slip Op 02655)

People v Brown

2025 NY Slip Op 02655

Decided on May 01, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 01, 2025

Before: Renwick, P.J., Manzanet-Daniels, Higgitt, Rosado, JJ. 

Ind No. 70022/22|Appeal No. 4238|Case No. 2024-00203|

[*1]The People of the State of New York, Respondent,
v
Asim Brown, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Emilia King-Musza of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Joshua P. Weiss of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Laurence E. Busching, J.), rendered February 2, 2023, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the fourth degree, and sentencing him to a three-year term of probation, unanimously affirmed.
Defendant knowingly, intelligently, and voluntarily waived his right to appeal, after a thorough oral colloquy and based on a detailed written waiver that defendant discussed with his attorney (see People v Thomas, 34 NY3d 545, 560 [2019], cert denied 589 US , 140 S Ct 2634 [2020]). The record established that the appeal waiver was a condition of the plea agreement. Defendant's valid waiver of his right to appeal forecloses review of his Second Amendment claim (see People v Johnson, 225 AD3d 453, 453-454 [1st Dept 2024], lv granted 42 NY3d 939 [2024]).
In any event, we find that defendant lacked standing to challenge New York's gun licensing scheme because he did not apply for a gun license (see Johnson, 225 AD3d at 455; United States v Decastro, 682 F3d 160, 164 [2d Cir 2012], cert denied 568 US 1092 [2013]). He has also failed to establish that his conviction is unconstitutional under New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]) (see People v Kirlew, 231 AD3d 678, 679 [1st Dept 2024], lv denied 42 NY3d 1053 [2024]; People v DeLarosa, 219 AD3d 1230 [1st Dept 2023], lv denied 40 NY3d 1080 [2023]).
Defendant's valid waiver of his right to appeal also forecloses review of his excessive sentence claim (People v Jackson, 225 AD3d 547, 548 [1st Dept 2024], lv denied 41 NY3d 1002 [2024]). In any event, we perceive no basis for reducing the sentence. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 1, 2025